23 N. E. 186, 6 L. R. A. 731, 16 Am. St. 749; Jefferson Standard Life Ins. Co. v. Keeton, 292 Fed. 53; Mut. Life Ins. Co. v. Hurni Packing Co. 263 U. S. 167, 44 Sup. Ct. 90, 68 L. ed. 45. Of course, such holdings would lead to the conclusion that the remedy at law was not adequate, because the time limit might expire before the beneficiaries saw fit to commence an action to recover on the policy.

Although it is desirable to be in the line with the great weight of authority the rule adopted in Mutual Life Ins. Co. v. Stevens, supra, commends itself as just and workable. Under it the beneficiary in a policy retains the right to have a jury determine whether or not he procured insurance by fraud or misrepresentation and the insurer is fully protected in all the defenses available at the time of the death of the assured. A majority of the court adhere to the rule of the Stevens case. The demurrer should have been sustained.

Order reversed.

---

INTERNATIONAL LIFE & TRUST COMPANY v. THEODORE AARON AND ANOTHER.

DAKOTA LIFE INSURANCE COMPANY v. THEODORE AARON AND ANOTHER.

MISSOURI STATE LIFE INSURANCE COMPANY v. MEYER AARON AND ANOTHER.[1]

March 14, 1924.

Nos. 23,666, 23,667, 23,668.

**Preceding case followed:**

Three actions in the district court for Hennepin county against the executors of the estate of Harry Aaron, deceased, to rescind policies of insurance on the life of decedent. Defendants' demurrers to the amended complaints were overruled by Bardwell, J., who

[1]Reported in 197 N. W. 758.

certified the question presented by the demurrers to be important and doubtful and to be reviewed by the supreme court. From the order overruling their demurrers, defendants appealed. Reversed.

*Martin Kahner*, for appellants.

*John G. Priebe, John B. Hanten* and *Earnest E. Watson*, for respondents.

PER CURIAM.

On the authority of Indianapolis Life Insurance Company v. Aaron, supra, page 359, the order appealed from in each of the above mentioned cases is reversed.

---

# THE BANKERS JOINT STOCK LAND BANK OF MILWAUKEE v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.[1]

March 14, 1924.

No. 23,722.

**Statutory "union mortgage" insurance clause.**
    1. "Union mortgage clause" explained.

**Statutory prorating applicable when policies have union mortgage clause.**
    2. Section 3322, G. S. 1913, providing for prorating insurance when there are two or more policies, applies to and is, under the "union mortgage clause," a part of the contract between a mortgagee and an insuring company.

**Mortgagor cannot destroy mortgagee's insurance.**
    3. Mortgagee's contract of insurance cannot be destroyed by the mortgagor.

**Statutory contribution from first insurer where total loss occurs under two policies.**
    4. Where an insured insured with appellant a granary for $400, fixing the insurable value at $600, and he then takes out another policy

[1]Reported in 197 N. W. 749.